RONALD M. ARLAS, ESQ. #59091
ARLAS & SMITHTON
1100 Larkspur Landing Circle, Suite 360
Larkspur, CA 94939
(415) 925-3807
Fax (415) 925-3860
Ron.arlas@greenpoint.com

EDWARD R. BUELL, ESQ. #240494
GREENPOINT MORTGAGE FUNDING, INC.
1100 Larkspur Landing Circle, Suite 360
Larkspur, Ca. 94939
(415) 925-3810
Fax (415) 925-3861
Ted.buell@greenpoint.com

Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA YULAEVA,<br><br>    Plaintiff,<br><br>vs.<br><br>GREENPOINT MORTGAGE FUNDING, INC.; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC.; EMC MORTGAGE CORPORATION; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:09-cv-01504-LKK-KJM<br><br>REPLY TO OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [FRCP 12(B)(6)]<br><br>Date:    December 21, 2009<br>Time:    10:00 a.m.<br>Dept:    Courtroom 4, 15th Floor |

## I. INTRODUCTION

Plaintiff ELENA YULAEVA ("Plaintiff" or "Yulaeva") filed an amended complaint October 6, 2009. On October 27, 2009, defendant GREENPOINT MORTGAGE FUNDING, INC. ("GPM") filed a Motion to Dismiss the Amended Complaint (the "Motion") pursuant to Federal Rule of Civil

Procedure ("FRCP") 12(b). On December 3, 2009, Plaintiff filed an Opposition to GPM's Motion. GPM files this Reply to point out the misstatements of law and fact that Plaintiff raised in her opposition.

## II. LEGAL ARGUMENT

Plaintiff's Opposition, similar to her amended complaint, confuses the Defendants and their roles and interests in the underlying transaction. More importantly, Plaintiff fails to address the major defects in the amended complaint and continues to rely on blanket conclusionary statements. As a result she has failed to state any arguments that could overcome the defects and demonstrate a sufficient complaint. Consequently, for the following reasons as well as the reasons stated in GPM's moving papers, the Motion should be granted without leave to amend.

### A. THE THIRD AND FOURTH CAUSES OF ACTION FOR VIOLATIONS OF TILA AND RESPA FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff raises two arguments in her opposition to the Motion with regards to the third and fourth causes of action: (1) equitable tolling is justified because Plaintiff is not fluent in English and it would take her longer to discover any alleged violations, and (2) the inapplicability of the QWR claim (i.e. failure to timely respond to the QWR) cannot be determined until after reasonable discovery. Both of these arguments are flawed and more importantly fail to raise a claim upon which relief could be granted.

**1. Equitable Tolling is not Justified.** Plaintiff does not dispute the fact that her claims under TILA and RESPA are time barred. Instead, she relies on a currently pending case in the Southern District of California[1] to support her only argument: it would take plaintiff "longer to

---

[1] Plaintiff fails to provide an adequate or sufficient reference to the Order she is relying on or to attach a copy for the parties or the Court to consider. The case cited by plaintiff is based on a Spanish-speaking borrower where all conversations and explanations prior to funding were conducted in Spanish and the documents were then drawn in English. Plaintiff makes no such claim that all negotiations, conversations or explanations were conducted in her native language (assumedly Russian) and then the documents were drawn in English. Consequently, the simple facts of this case are easily distinguishable.

discover any TILA and/or RESPA violation in English documents" because she was not fluent in English. Opposition Page 5:14-19. Even if this argument were taken as true, plaintiff failed to "discover" the alleged violations until 3 ½ years after the loans funded which was 2 ½ years after the statue of limitations had run.

Plaintiff admits in her own argument that it would not be impossible for plaintiff to discover the alleged violation due to the language barrier, only that it would take "longer." At any time during the 3 ½ years from the date of origination to the filing of the complaint, plaintiff could have taken the loan documents to anyone that was proficient in English and asked them to read it for her. She failed to do so and is now looking to the Court, under the guise of equity, to save her from her error in not timely bringing her claim.

Furthermore, defendant GPM incorporates by reference each of the arguments raised by defendants MERS and EMC with regards to equitable tolling in their Motion to Dismiss the Amended Complaint (Document 18) as well as their Reply to the Opposition to the Motion to Dismiss (Document 25). For the sake of judicial economy, GPM will not repeat the arguments stated therein.

Plaintiff has failed to state facts sufficient to support her request for equitable tolling. She has therefore failed to state facts sufficient to state a claim for a violation of TILA or RESPA as they are time-barred. Consequently, the third and fourth causes of action must be dismissed without leave to amend.

**2. The Claim for Failing to Timely Respond to a QWR is Not Applicable to GPM.**
Plaintiff claims that at this time it cannot be determined if her RESPA claim for failing to respond to a QWR (Qualified Written Request) is inapplicable to GPM because sufficient discovery has not been conducted. This argument is completely without merit based on plaintiff's own admissions in her amended complaint.

In paragraph 24 of the amended complaint, Plaintiff admits "in preparation to the current action, on or about April 10, 2009, Plaintiff's counsel submitted to Defendant EMC a formal RESPA Qualified Written Request letter ("QWR") . . ." Then again in paragraph 55 she admits, "Defendant EMC failed to respond to Plaintiff's QWR that was sent by Plaintiff on or about April 10, 2009." Not once in the entire amended complaint or in her opposition does Plaintiff even allege that the QWR was sent to GPM or that GPM failed to respond to the QWR. There are no such allegations for the simple fact that the QWR was never sent to GPM. Consequently, GPM has no obligation to respond to a QWR that was never sent to GPM.

Based on the foregoing, Plaintiff has not and cannot state a claim upon which relief can be granted against GPM for a violation of RESPA based on failing to timely respond to a QWR. As such, this cause of action must be dismissed with prejudice.

### B. PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION

In her Opposition, Plaintiff fails to address or correct the defects in her pleading with regards to her failure to meet the FRCP Rule 9(b) requirements for pleading with particularity. Absent the required particularity, plaintiff has failed to plead intentional or negligent misrepresentation. Consequently, plaintiff has failed to overcome the FRCP 9(b) deficiencies in the pleading and on that ground alone, the fifth and sixth causes of action must be dismissed,

Instead she focuses her entire opposition on the merits of the preclusion of tort damages where the relationship is solely contractual. Plaintiff attempts to argue that GPM was not a traditional lender simply because it sold Plaintiffs loan to an investor on the secondary market. She then argues that because GPM was not in the role of a traditional lender, the holding in Nymark v. Heart Fed. Savings & Loan Ass'n., (1991) 231 Cal.App.3d 1089, that a lender owes no duty to a borrower is inapplicable. Plaintiff's arguments to this point are flawed as they are premised on

assertions of agency with no evidentiary support (neither the Broker nor the Appraiser were agents of GPM).

Irrespective of the lack of merit of plaintiffs argument, the fifth and sixth causes of action fail based on the preclusion of tort remedy in a contractual relationship. Specifically, the court in Erlich v. Menezes (1999) 21 Cal.4th 543, 551, held that "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." Consequently, since plaintiff's sole relationship with GPM was based in contract (the Note and Deed of Trust), plaintiff is only entitled to recovery in tort if there exists a duty wholly independent of the contractual relationship. Plaintiff has failed to establish the existence of such a duty and therefore, the Motion must be granted with prejudice.

### C. PLAINTIFF'S CLAIM FOR AN UNFAIR DEBT COLLECTION PRACTICE FAILS TO STATE A CLAIM

The only argument raised in opposition to the Motion is that further discovery is required to determine GPM's role in the process of debt collection or its status as a debt collector. Similar to Plaintiff's allegations of a violation of RESPA for failing to respond to a QWR, the fundamental flaw in the seventh cause of action is that the entire amended complaint is completely devoid of a single allegation that GPM was a debt collector or undertook any unfair debt collection practices. Absent a charging allegation, there can be no claim upon which relief can be granted.

Furthermore, plaintiff fails to challenge any of the points raised by GPM in the Motion that GPM is not a debt collector as defined by the applicable statutes. Instead, plaintiff simply argues that it cannot be determined at this point if GPM was a debt collector. There are no facts or even allegations that support this argument. To the contrary, the facts support the points raised by GPM that it was not a debt collector under the definitions of the applicable statutes and therefore said statutes do not apply to GPM.

Based on the foregoing, Plaintiff has failed to state facts sufficient to state a claim for unfair debt collection practices against GPM. Furthermore, Plaintiff cannot cure this defect through an amendment as GPM is not subject to the applicable statutes. Consequently, the seventh cause of action should be dismissed with prejudice.

### D. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiffs sole argument is based on the statement that "the chain of loan assignment is unascertained at the moment." This statement is in support of Plaintiff's argument that a contract did exist between the parties in the form of the Deed of Trust, which formed the contractual basis of the claim for a breach of the covenant of good faith and fair dealing.

However, Plaintiff fails to address the crux of the defect in her pleading as clearly laid out by GPM in its Motion as well as by the Court in its Order. Specifically, this Court held that the only conduct that "could have occurred after [the completion of the contract] is the deprivation of an opportunity to review loan modification terms and the act of intentionally forcing plaintiff into default." Order Page 36. As admitted by plaintiff, GPM played no role in loan modification negotiations or in the default of plaintiff. FAC ¶28 and 29

Consequently, Plaintiff has failed to allege or even address the conduct of GPM following the formation of the contract that allegedly breached the covenant of good fait and fair dealing. The simple reason is that there was no such breach. Therefore, the eighth cause of action must be dismissed with prejudice.

### E. PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF B&P §17200 FOR AN UNFAIR BUSINESS PRACTICE

Plaintiff's opposition is focused solely on using the other causes of action alleged against GPM to form the basis for her unfair business practices claim. Regardless of the merit of Plaintiff's

---
REPLY TO OPPOSITION TO DEFENDANT GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Case No. 2:09-cv-01504-LKK-KJM

Page 6

arguments, she fails to address the most important point of the Motion – Plaintiff lacks standing to pursue a claim under B&P §17200.

As clearly explained in the Court's Order Plaintiff failed to allege that she was damaged or has suffered injury in fact or has lost money or property as a result of unfair competition by GPM. *See* Order Page 27 citing B&P §17204. Therefore, Plaintiff lacks standing to sue GPM under B&P §17200. As a result, Plaintiff has failed to state a claim upon which relief can be granted. Furthermore, there is no manner in which she can amend the pleading to cure this defect. Consequently the Motion should be granted with prejudice.

### F. THE BROKER IS A NECESSARY AND INDISPENSIBLE PARTY TO THE ACTION

Plaintiff argues that the Broker is not a necessary party to the action because the Broker could have been an agent of GPM. Plaintiff provides no legal or factual support for the creation of an agency relationship between GPM and the Broker. Furthermore, she fails to state or support how the Broker would not be a necessary party to this action even if there was an agency relationship between the Broker and GPM (which there was not). Consequently, this argument has no merit.

She also argues that she is unaware of who the Broker was because the loan was originated more than 4 years ago. The Broker was the fiduciary agent of Plaintiff and was the only party to the origination transaction that had direct communications with Plaintiff. Prior to the funding of the loan, Plaintiff had no direct communications with GPM. In other words, Plaintiff should know the identity of the Broker, the fiduciary agent that she worked directly with to obtain the loan that she used to purchase her home.

The Broker is a necessary party to the action especially considering the basis of Plaintiff's claim is her inability to understand the documents. The Broker would have had the sole responsibility for explaining the documents and the terms of the loan to Plaintiff. If that was not

done, sole liability rests with the Broker and not any of the current parties to this litigation. Consequently, absent the Broker, complete relief cannot be accorded.

### G. THE TENTH CAUSE OF ACTION MUST BE DISMISSED AS THE MOTION IS UNOPPOSED

Plaintiff has failed to oppose the Motion with regards to the tenth cause of action for Declaratory and Injunctive Relief. Consequently, the Motion should be granted with prejudice as to the tenth cause of action.

## III. SUMMARY

Plaintiff fails to state any arguments to overcome the deficiencies in the pleading as identified by both GPM in its Motion as well as the Court in its Order. As a result, the amended complaint fails to state a claim upon which relief can be granted. Furthermore, as more clearly described above, the defects cannot be overcome through an amendment to the pleading and consequently, GPM respectfully requests that its Motion be granted with prejudice thereby dismissing the entire amended complaint as against GPM without leave to amend.

Dated: December 11, 2009

      /s/ Edward R. Buell III
RONALD M. ARLAS, ESQ.
EDWARD R. BUELL, ESQ.
Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

\Legal\PLEADING\Yulaeva v .GPM\Reply Brief - 12b6 - 12.09.doc