UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELENA YULAEVA,

           NO. CIV. S-09-1504 LKK/KJM

       Plaintiff,

   v.

           O R D E R

GREENPOINT MORTGAGE FUNDING,
INC.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
EMC MORTGAGE CORPORATION; and
DOES 1 through 10, inclusive,

       Defendants.

_____/

    This cases arises out of a loan used for the purchase of plaintiff's home and the related mortgage.  Defendant Greenpoint Mortgage Funding, Inc. ("Greenpoint"), who allegedly provided the initial loan, moves to dismiss all five claims against it.  The remaining defendants, Mortgage Electronic Registration Systems, Inc. and EMC Mortgage Corporation, initially filed a motion to dismiss to be heard in parallel, but these defendants have withdrawn their motion.

////

1  For the reasons stated below, the court grants Greenpoint's
2  motion in part.

### I. Background

4  In two prior orders, the court extensively discussed the
5  factual allegations in this case as alleged in the initial and
6  first amended complaints. See Orders filed Sept. 3, 2009 and May
7  7, 2010 (ECF. Nos. 12 and 38).  The allegations in the operative
8  Second Amended Complaint ("SAC") are largely unchanged.
9  Accordingly, the court does not repeat this factual background
10 here.

### II. Standard

12 The court has also previously articulated the standard for a
13 Fed. R. Civ. P. 12(b)(6) motion to dismiss, although the parties
14 appear not to have read this articulation.  For example, plaintiff
15 continues to invoke the "no set of facts" standard despite the
16 court's explanation that this standard has been explicitly
17 repudiated. See Order filed Sept. 3, 2009 at 10 n.7.  In light of
18 this apparent confusion and the fact that the present motion turns
19 on arguable nuances of this standard, the court repeats this
20 standard here.

21 A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's
22 compliance with the pleading requirements provided by the Federal
23 Rules. In general, these requirements are provided by Fed. R. Civ.
24 P. 8, although claims that "sound[] in" fraud or mistake must meet
25 the requirements provided by Fed. R. Civ. P. 9(b). Vess v.
26 Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir. 2003).

1        **1.    Dismissal of Claims Governed by Fed. R. Civ. P. 8**

2        Under Federal Rule of Civil Procedure 8(a)(2), a pleading must

3    contain a "short and plain statement of the claim showing that the

4    pleader is entitled to relief."  The complaint must give defendant

5    "fair notice of what the claim is and the grounds upon which it

6    rests."   Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)

7    (internal quotation and modification omitted).

8        To meet this requirement, the complaint must be supported by

9    factual allegations.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct.

10   1937, 1950 (2009).   "While legal conclusions can provide the

11   framework of a complaint," neither legal conclusions nor conclusory

12   statements are themselves sufficient, and such statements are not

13   entitled to a presumption of truth.  Id. at 1949-50.  Iqbal and

14   Twombly therefore prescribe a two step process for evaluation of

15   motions to dismiss.  The court first identifies the non-conclusory

16   factual allegations, and the court then determines whether these

17   allegations, taken as true and construed in the light most

18   favorable to the plaintiff, "plausibly give rise to an entitlement

19   to relief."  Id.; Erickson v. Pardus, 551 U.S. 89 (2007).

20       "Plausibility," as it is used in Twombly and Iqbal, does not

21   refer to the likelihood that a pleader will succeed in proving the

22   allegations.   Instead, it refers to whether the non-conclusory

23   factual allegations, when assumed to be true, "allow[] the court

24   to draw the reasonable inference that the defendant is liable for

25   the misconduct alleged."   Iqbal, 129 S.Ct. at 1949. "The

26   plausibility standard is not akin to a 'probability requirement,'

3

1  but it asks for more than a sheer possibility that a defendant has
2  acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557).   A
3  complaint may fail to show a right to relief either by lacking a
4  cognizable legal theory or by lacking sufficient facts alleged
5  under a cognizable legal theory. Balistreri v. Pacifica Police
6  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

7      The line between non-conclusory and conclusory allegations is
8  not always clear.   Rule 8 "does not require 'detailed factual
9  allegations,' but it demands more than an unadorned,
10 the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct.
11 at 1949 (quoting Twombly, 550 U.S. at 555).  While Twombly was not
12 the first case that directed the district courts to disregard
13 "conclusory" allegations, the court turns to Iqbal and Twombly for
14 indications of the Supreme Court's current understanding of the
15 term.   In Twombly, the Court found the naked allegation that
16 "defendants 'ha[d] entered into a contract, combination or
17 conspiracy to prevent competitive entry . . . and ha[d] agreed not
18 to compete with one another,'" absent any supporting allegation of
19 underlying details, to be a conclusory statement of the elements
20 of an anti-trust claim. Id. at 1950 (quoting Twombly, 550 U.S. at
21 551).    In contrast, the Twombly plaintiffs' allegations of
22 "parallel conduct" were not conclusory, because plaintiffs had
23 alleged specific acts argued to constitute parallel conduct.
24 Twombly, 550 U.S. at 550-51, 556.

25     Twombly also illustrated the second, "plausibility" step of
26 the analysis by providing an example of a complaint that failed and

1  a complaint that satisfied this step.  The complaint at issue in
2  Twombly failed.    While the Twombly plaintiffs' allegations
3  regarding parallel conduct were non-conclusory, they failed to
4  support a plausible claim.  Id. at 566.  Because parallel conduct
5  would ordinarily be expected to arise without a prohibited
6  agreement, an allegation of parallel conduct was insufficient
7  support the inference that a prohibited agreement existed.  Id.
8  Absent such an agreement, plaintiffs were not entitled to relief.
9  Id.

10      In contrast, Twombly held that model form 9 for negligence,
11  demonstrated the type of pleading that satisfies Rule 8.  Id. at
12  565 n.10.  This form provides "On June 1, 1936, in a public highway
13  called Boylston Street in Boston, Massachusetts, defendant
14  negligently drove a motor vehicle against plaintiff who was then
15  crossing said highway."  Form 9, Complaint for Negligence, Forms
16  App., Fed. Rules Civ. Proc., 28 U.S.C. App., p 829.  These
17  allegations adequately "'state[] . . . circumstances, occurrences,
18  and events in support of the claim presented.'" Twombly, 550 U.S.
19  at 556 n.3 (quoting 5 C. Wright & A. Miller, Federal Practice and
20  Procedure § 1216, at 94, 95 (3d ed. 2004)).   The factual
21  allegations that defendant drove at a certain time and hit
22  plaintiff render plausible the conclusion that defendant drove
23  negligently.

24      **2.   Dismissal of Claims Governed by Fed. R. Civ. P. 9(b)**

25      A Rule 12(b)(6) motion to dismiss may also challenge a
26  complaint's compliance with Fed. R. Civ. P. 9(b).  See Vess, 317

F.3d at 1107.   This rule provides that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.   Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." These circumstances include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).   "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'" Id. at 765 (quoting Moore v. Kayport Package Express, 885 F.2d 531, 541 (9th Cir. 1989)).   Claims subject to Rule 9(b) must also satisfy the ordinary requirements of Rule 8.

### III. Analysis

Greenpoint moves for dismissal of plaintiff's claims under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), for fraud and negligent misrepresentation, and for breach of California's Unfair Competition Law, Cal. Bus. and Prof. Code § 17200.

**A.   Truth In Lending Act**

This is the third time the court has evaluated plaintiff's TILA allegations.   Throughout this case, plaintiff's imprecise pleading and inadequate briefing by all parties have interfered with clear adjudication of the claims.

6

1    The SAC's third claim is for violation of TILA. The
2  allegations contained in this section of the SAC allege that
3  defendants failed to timely disclose "the calculation of interest
4  prior and after its adjustment" and other unspecified information.
5  SAC 46. Elsewhere in the complaint, plaintiff alleges that
6  defendants failed to disclose that her payments were not fixed, and
7  more generally that she did not receive any of the disclosures
8  required by TILA prior to closing. SAC ¶¶ 13, 19.

9    Greenpoint's present challenge to the TILA claim turns on the
10 fact that TILA imposes differing requirements on different types
11 of loans, a distinction the court has not previously addressed in
12 this case. Notably, the court previously observed that the
13 allegation regarding disclosure of the calculation of interest
14 prior and after its adjustment implicates 15 U.S.C. § 1639(a)(2)(B)
15 and that the allegation regarding lending without regard to
16 plaintiff's ability to repay implicates § 1639(h). Plaintiff
17 explicitly cites § 1639 in the SAC, without citing any other TILA
18 obligation. Section 1639 codifies the Home Ownership and Equity
19 Protection Act ("HOEPA"), which amended TILA in 1994 to "combat
20 predatory lending." In re First Alliance Mortg. Co., 471 F.3d 977,
21 984 n.1 (9th Cir. 2006). Greenpoint's motion and plaintiff's
22 opposition thereto raise two issues: whether plaintiff has
23 adequately alleged that the loan is subject to HOEPA, and whether
24 TILA imposes any non-HOEPA disclosure requirements applicable to
25 this loan.
26 ////

1       **1.   HOEPA**

2       15 U.S.C. § 1639 only applies to loans that meet the

3  requirements of 15 U.S.C. § 1602(aa). The latter subsection

4  encompasses the following:

5               (1) A mortgage referred to in this subsection
                means a consumer credit transaction that is
6               secured by the consumer's principal dwelling,
                other than a residential mortgage transaction,
7               a reverse mortgage transaction, or a
                transaction under an open end credit plan, if-
8
                    (A) the annual percentage rate at
9                   consummation of the transaction will
                    exceed by more than 10 percentage points
10                  the yield on Treasury securities having
                    comparable periods of maturity on the
11                  fifteenth day of the month immediately
                    preceding the month in which the
12                  application for the extension of credit
                    is received by the creditor; or
13
                    (B) the total points and fees payable by
14                  the consumer at or before closing will
                    exceed the greater of (i) 8 percent of
15                  the total loan amount; or (ii) $400.

16 15 U.S.C. § 1602(aa).[1] Greenpoint argues that the SAC does not

17 allege that the loan at issue satisfies either of (aa)(1)(A) or

18 (B), thereby failing to state a claim for violation of § 1639.

19 Numerous other district courts have held that a complaint must at

20 least allege facts suggesting that the loan falls into one of these

21 categories. See, e.g., Biggins v. Wells Fargo & Co., 266 F.R.D.

22

23 ──────────────

24      [1] 15 U.S.C. § 1602(aa)(2) grants the Board of Governors of the
   Federal Reserve System the authority to modify the percentage
25 values listed in (aa)(1)(A) and (B), and the Board has used this
   authority to reduce the value for (aa)(1)(A) to 8 percentage points
26 for "first-lien" loans.

8

1  399, 411 (N.D. Cal. 2009),[2] <u>Palmer v. GMAC Commer. Mortg.</u>, 628 F.
2  Supp. 2d 186, 190 (D.D.C. 2009), <u>Lynch v. RKS Mortg., Inc.</u>, 588 F.
3  Supp. 2d 1254, 1260 (E.D. Cal. 2008) (England, J.), <u>Brown v. GMAC</u>
4  <u>Mortg., LLC</u>, 2010 U.S. Dist. LEXIS 50955 (E.D. Cal. May 21, 2010)
5  (Burrell, J.).  Plaintiff does not dispute that the complaint lacks
6  such allegations.  Instead, plaintiff argues that she is unable to
7  determine the specifics of the loan absent discovery, and that she
8  therefore cannot be required to allege these details in the
9  complaint.

10      A more fundamental problem is that the subsection excludes
11  "residential mortgage transactions."  15 U.S.C. § 1602(aa)(1).
12  This term includes "a transaction in which a . . . deed of trust
13  . . . is created or retained against the consumer's dwelling to
14  finance the acquisition . . . of such dwelling."  15 U.S.C. §
15  1602(w).  Plaintiff explicitly alleges that the loan at issue in
16  this suit was taken to finance her purchase of her home.  SAC
17  11-12.  Accordingly, the SAC does not support the inference that
18  § 1639 imposed obligations applicable to this loan.

19      **2.   Other TILA Obligations**

20      In opposing Greenpoint's motion, plaintiff argues that even
21  if § 1639 does not apply, the SAC implicitly states a claim for
22  violation of TILA's other disclosure obligations.  Although
23  plaintiff does not cite any particular statutory or regulatory

24  ─────────────────

25      [2] The court observes that <u>Biggins</u> was included in the Federal
   Rules Decisions despite the fact that the opinion was marked "not
26  for citation" by its author.

1 provision, the court assumes that plaintiff refers to the
2 obligations imposed by those portions of "Regulation Z" codified
3 at 12 C.F.R. § 226.18.

4      This regulation requires a number of disclosures, including
5 (for loans such as this one) the amount financed, the finance
6 charge, the annual percentage rate, whether the loan includes a
7 variable annual percentage rate, "the number, amounts, and timing
8 of payments scheduled to repay the obligation," and the total of
9 payments.

10      Because these disclosure obligations exist regardless of
11 whether the loan falls within the scope of 15 U.S.C. § 1602(aa),
12 see 12 C.F.R. § 226.17-18, Greenpoint's argument that the loan
13 falls outside that subsection's scope does not warrant dismissal
14 of the claim for failure to make these disclosures.

15      Admittedly, plaintiff and the court have clouded the issue by
16 previously describing the disclosure requirements as rooted in 15
17 U.S.C. § 1639(a) and (b). Nonetheless, plaintiff has consistently,
18 albeit generally, cited Regulation Z, and the federal pleading
19 requirements do not generally require a complaint to articulate the
20 precise legal theory upon which it rests, so long as some viable
21 legal theory is apparent. McCalden v. California Library Ass'n,
22 955 F.2d 1214, 1223 (9th Cir. 1990), Balistreri, 901 F.2d at 699.

23      The court's prior discussion of equitable tolling as to claims
24 of inadequate disclosures remains applicable regardless of whether
25 the disclosure obligation arises under 15 U.S.C. § 1639 or 12
26 C.F.R. § 226.18.  See Order filed May 7, 2010, at 14:5-16.

1    Although Regulation Z provides an alternate source of the

2  obligation to make certain disclosures, plaintiff has identified

3  no provision outside of HOEPA analogous to HOEPA's prohibition on

4  "extending credit to consumers under mortgages . . . based on the

5  consumers' collateral without regard to the consumers' repayment

6  ability," 15 U.S.C. § 1639(h).  Because plaintiff's loan falls

7  outside the scope of 15 U.S.C. § 1602(aa), § 1639(h) does not

8  apply, and the court dismisses plaintiff's TILA claim insofar as

9  the claim is predicated on such a prohibition.

10 **B.   RESPA**

11    The SAC's fourth claim is for violation of RESPA.  Insofar as

12 this claim is alleged against Greenpoint, it alleges that

13 Greenpoint

14             violated the RESPA by . . . accepting fees,
             kickbacks or other things of value from the
15             other Defendants pursuant to an agreement or
             understanding that business incident to or a
16             part of a real estate settlement service
             involving federally related mortgage loans
17             would be referred to other Defendants, in
             violation of 12 U.S.C. § 2607(a) and 24 C.F.R.
18             § 3500.14(b) [and by] [g]iving or accepting a
             portion, split, or percentage of charges made
19             or received for the rendering of real estate
             settlement services in connection with a
20             transaction involving a federally related
             mortgage loan other than for services actually
21             performed, in violation of 12 U.S.C. § 2607(b)
             and 24 C.F.R. § 3500.14(c).

22

23 SAC ¶ 53.  The court previously rejected defendants' (including

24 Greenpoint's) contention that this claim was untimely and that it

25 failed for failure to allege actual damages.  Order filed May 7,

26 2010 at 19-21.

1    Greenpoint now argues that this claim fails to satisfy Fed.

2  R. Civ. P. 8 because it is a "threadbare recital[] of [the] cause

3  of action's elements, supported by mere conclusory statements."

4  Iqbal, 129 S.Ct. at 1940 (citing Twombly, 550 U.S. at 555). The SAC

5  admittedly essentially parrots the language of 12 U.S.C. § 2607(a)

6  and (b).   Greenpoint argues that plaintiff must go beyond the

7  statutory language, and that in this context, plaintiff must allege

8  "what 'fees, kickbacks, or things of value' defendants allegedly

9  provided to one another."  Greenpoint's Mem. at 4-5.

10 Mere use of the statute's language does not render a complaint

11 inadequate.  In Twombly and Iqbal, the statutes at issue were cast

12 in legal terms, prohibiting "conspiracies" and "discrimination."

13 Here, plaintiff has used the statutory language to allege that in

14 one form or another, something of value changed hands in connection

15 with, and implicitly at the time of, the initial loan transaction.

16 This is a factual, rather than a legal, allegation, thereby falling

17 outside the scope of the Court's recent reiteration of the

18 inadequacy of conclusory legal allegations.   The alleged facts

19 provide sufficient detail to enable Greenpoint to answer.    It

20 appears that if these allegations are proven, plaintiff will have

21 demonstrated a right to relief.  Fed. R. Civ. P. 8, as interpreted

22 by Twombly and Iqbal, requires no more.

23 **C.   Misrepresentation**

24    The SAC's sixth claim alleges that Greenpoint fraudulently

25 failed to verify plaintiff's income, caused the appraisal of the

26 home to be inflated, misrepresented that the loan was the most

1   advantageous loan for which plaintiff qualified, misrepresented the

2   interest rate of the loan, misrepresented plaintiff's ability to

3   afford the loan, and various other terms of the loan.  SAC ¶ 60.

4        The SAC's allegations are substantially similar to those

5   presented in the FAC.  In evaluating whether the prior allegations

6   satisfied Fed. R. Civ. P. 9(b), the court explained:

7              Plaintiff has largely specified the content of
               the alleged misrepresentations, and has
8              identified these representations as having
               been made at the time and place the loan was
9              negotiated (although this place is not further
               specified).  Nonetheless, plaintiff brings
10             these claims against three defendants, yet
               plaintiff fails to specify "the role of each
11             defendant in each scheme."  Lancaster Cmty.
               Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d
12             397, 405 (9th Cir. 1991); see also Swartz v.
               KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007).
13

14   Order filed May 7, 2010 at 28.  Although the court dismissed the

15   claim because of the failure to specify the defendants' roles, the

16   court did not hold that the allegations otherwise satisfied Fed.

17   R. Civ. P. 9(b).

18        The only difference between the SAC's allegations and those

19   found inadequate in the FAC is that the SAC alleges that Greenpoint

20   made each misrepresentation.  Greenpoint argues that this addition

21   is insufficient to rectify the previously-identified defect, and

22   relatedly that the allegations fail to provide the other details

23   required by Rule 9.

24        On the first issue, Greenpoint argues that a plaintiff

25   asserting a fraud claim against a corporation "must 'allege the

26   names of the persons who made the allegedly fraudulent

13

1  representations, their authority to speak, to whom they spoke, what

2  they said or wrote, and when it was said or written.'" <u>Lazar v.</u>

3  <u>Superior Court</u>, 12 Cal. 4th 631, 645 (1996) (quoting <u>Tarmann v.</u>

4  <u>State Farm Mut. Auto. Ins. Co.,</u> 2 Cal. App. 4th 153, 157 (1991)).

5  This is a rule of California pleading, which is not directly

6  applicable in federal courts.   Nonetheless, numerous district

7  courts have followed this rule, at least insofar as to require

8  identification of a particular speaker.   <u>See, e.g.,</u> <u>Saldate v.</u>

9  <u>Wilshire Credit Corp.,</u> 686 F. Supp. 2d 1051, 1065 (E.D. Cal. 2010)

10  (O'Neill, J.), <u>Keen v. Am. Home Mortg. Servicing, Inc.,</u> 664 F.

11  Supp. 2d 1086, 1099 (E.D. Cal. 2009) (Damrell, J.), <u>Edejer v. DHI</u>

12  <u>Mortg. Co.,</u> No. C 09-1302, 2009 U.S. Dist. LEXIS 52900, *36 (N.D.

13  Cal. June 12, 2009).   Here, although plaintiff has alleged that

14  "Greenpoint" made various misrepresentations, plaintiff has not

15  identified any particular speaker or particular communication.

16      The SAC's allegations fail to provide the specificity required

17  by Rule 9.   The purpose of this rule is "to give defendants notice

18  of the particular misconduct which is alleged to constitute the

19  fraud charged so that they can defend against the charge and not

20  just deny that they have done anything wrong." <u>Semegen v. Weidner</u>,

21  780 F.2d 727, 731 (9th Cir. 1985). "A pleading is sufficient under

22  Rule 9(b) if it identifies the circumstances constituting fraud so

23  that the defendant can prepare an adequate answer from the

24  allegations." <u>Neubronner v. Milken</u>, 6 F.3d 666, 671-72 (9th Cir.

25  1993).   For many of the alleged misrepresentations, the SAC falls

26  short of this mark.   For example, plaintiff alleges that Greenpoint

14

1   misrepresented that the plaintiff's loan "was the most advantageous
2   loan for which Plaintiff qualified." SAC ¶ 60(a).  This allegation
3   fails to allege "the who, what, when, where, and how" of the fraud,
4   elements that the Ninth Circuit has held are required.  <u>Vess</u>, 317
5   F.3d at 1107.  Merely alleging that these representations were made
6   in connection with negotiation of the loan--a process alleged to
7   have taken months--is insufficient.  Rule 9(b) requires that the
8   complaint include specificity to enable Greenpoint to prepare a
9   response more detailed than to merely assert that no-one at
10  Greenpoint ever made such a false representation.

11      More generally, plaintiff attempts to allege fraud by
12  identifying mistaken beliefs that Greenpoint caused or permitted
13  plaintiff to hold.  SAC ¶ 60.  To allege fraud, plaintiff must
14  allege specific communications, rather than mistaken beliefs
15  resulting from unspecified communications.

16      For only one alleged representation does plaintiff approach
17  an allegation of the specific when, where, and how of the
18  mispresentation.  Plaintiff alleges that her "mortage application"
19  represented that she would receive a 2 percent interest rate for
20  360 months.  Plaintiff does not allege who developed this mortgage
21  application, and thus, to whom this representation may be
22  attributed.  Accordingly, even as to this allegation, plaintiff
23  must specify the "who" of this communication, at least by
24  identifying where plaintiff received the application from and where
25  she submitted it to.
26  ////

1    Accordingly, the court again dismisses plaintiff's fraud
2  allegations as to defendant Greenpoint. Although these allegations
3  were previously dismissed, dismissal was on slightly different
4  grounds, and as such, plaintiff has not conclusively demonstrated
5  an inability to cure these defects.  The court therefore dismisses
6  the fraud and negligent misrepresentations claims against
7  Greenpoint without prejudice.

8  **D.   Unlawful Competition**

9    The SAC's ninth cause of action is for unfair competition.
10 In the order filed May 7, 2007, the court held that this claim
11 could proceed insofar as it was predicated on allegations of
12 unlawful conduct, to wit, the allegations found to state claims
13 under TILA and RESPA.   In arguing that this claim should be
14 dismissed, Greenpoint cites cases which held that when a complaint
15 failed to state a claim under TILA or RESPA directly, the complaint
16 could not use a violation of those statutes as a predicate for a
17 UCL claim.   Because plaintiff here has stated TILA and RESPA
18 claims, the cited cases are inapplicable.

19                        **IV. Conclusion**

20    For the reasons stated above, Greenpoint's motion to dismiss
21 (ECF. No. 40) is GRANTED IN PART.

22    1.   Plaintiff's claim under TILA is DISMISSED WITH PREJUDICE
23         insofar as this claim seeks to enforce 15 U.S.C. § 1639.
24         The TILA claim may proceed insofar as it is predicated
25         on failure to make disclosures required by Regulation Z
26         and to the extent consistent with the court's prior

                              16

1      orders.

2      2.   Plaintiff's    claims    for    fraud    and    negligent

3           misrepresentation by Greenpoint are DISMISSED WITHOUT

4           PREJUDICE.

5      3.   The court DENIES Greenpoint's motion as to plaintiff's

6           claims under RESPA and Cal. Bus. & Prof. Code § 17200.

7      IT IS SO ORDERED.

8      DATED:  December 20, 2010.

9

10

11

12     LAWRENCE K. KARLTON
       SENIOR JUDGE
13     UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

17